UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: Wilder et al v. Bainbridge Mid-Atlantic Management et al
Civil No. PJM 15-418

DATE: June 18, 2015

\* \* \*

In the course of reviewing Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 18, the Court has noticed what appears to be a jurisdictional defect—in particular, a lack of complete diversity of citizenship among Plaintiffs and Defendants. (No federal cause of action is alleged and diversity is indicated as the basis of removal of the case from Prince George's County Circuit Court to this Court).

The Notice of Removal states that Defendant "Silver Hill is and has been a corporation incorporated in the State of Delaware and has maintained its headquarters and principal place of business in the District of Columbia." ECF No. 1. Accordingly, Silver Hill is a citizen of the District of Columbia for diversity purposes.

The Complaint was filed in the Circuit Court for Prince George's County on January 7, 2015 and removed to this Court on February 12, 2015. ECF No. 2. The caption of the Complaint states the names and addresses of the five Plaintiffs. *Id.* at 1. The Court notes that Plaintiffs Charles Wilder and Carla Jones are listed in the caption as having Washington, DC addresses. Plaintiff Jones's address includes an apartment number. Nevertheless, the body of the Complaint states that Wilder and Jones are "residing in the State of Maryland." *Id.* at 2 (emphasis added). Defendants' Notice of Removal, by contrast, states that Wilder and Jones "are current residents of the District of Columbia." ECF No. 1, at 2. If Plaintiff Wilder or Plaintiff Jones was in fact a citizen of the District of Columbia at the time the Complaint was filed or at the time of removal,[1] complete diversity of citizenship would not be present, and the Court would lack subject matter jurisdiction over the case.

---

[1] When diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court. *See* § 3723Removal Based on Diversity of Citizenship and Alienage Jurisdiction, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.).

Accordingly, the parties are directed to **SHOW CAUSE** in writing by no later than Thursday, June 25 why the case should not be dismissed for lack of jurisdiction. Such filing should include affidavits from Plaintiffs Wilder and Jones under penalties of perjury, and, if Wilder or Jones in fact claim that they were citizens of Maryland at the time suit was filed and at the time of removal, copies of tax returns, drivers' licenses, bank statements, and any other appropriate documentation indicating citizenship in the State of Maryland as of those two relevant times. The Court will hear argument on this jurisdictional issue as a first order of business at the hearing set for the Motion to Dismiss.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                          /s/
                                      _____
                                      PETER J. MESSITTE
                                      UNITED STATES DISTRICT JUDGE

cc:    Court File